IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-36,453-02




EX PARTE MICHAEL LEONARD CARNEY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W93-60404-J(A) IN THE CRIMINAL DISTRICT COURT 3
FROM DALLAS COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
vehicle in exchange for ten years’ deferred adjudication community supervision. He was later
adjudicated guilty and sentenced to sixty years’ imprisonment. He did not appeal his conviction.
            Applicant contends, inter alia, that he was denied the effective assistance of counsel because
his attorney declined to represent him and new counsel was appointed on the day of the adjudication
hearing, and new counsel did not advise Applicant of his right to present evidence in mitigation of
punishment or request ten days in which to prepare for the adjudication hearing. The habeas record
is unclear as to the sequence and timing of the relevant events in this case. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s adjudication counsel with the opportunity to respond to Applicant’s claims
of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to the specific date upon which Michael Morrow
was appointed to represent Applicant in this matter, and as to whether he was permitted to withdraw
from the case at any time before Applicant’s adjudication. The trial court shall make findings as to
whether Reed Prospere was retained to represent Applicant in this matter, and if so, the date upon
which he was retained and the date upon which he officially replaced Michael Morrow as
Applicant’s counsel of record. 
            The trial court shall make findings as to whether a hearing was held on the State’s motion
to proceed to adjudication on September 1, 1994, as the trial docket seems to indicate. If a hearing
was held on that date, the trial court shall make findings as to who represented Applicant at that
hearing, and shall supplement the habeas record with a transcript of that hearing. 
            The trial court shall make findings as to whether Reed Prospere was Applicant’s attorney of
record on October 6, 1994, and if so, how long before the adjudication hearing he indicated to the
trial court that he would not be representing Applicant in the adjudication matters. The trial court
shall make findings as to when the State indicated an intent to abandon the allegations pertaining to
new offenses, and proceed only on the allegations of technical violations of the conditions of
community supervision. 
            The trial court shall make findings as to whether Michael Morrow was re-appointed, and if
so, when such re-appointment occurred. The trial court shall make findings as to whether Applicant
was provided the opportunity to consult with Michael Morrow prior to the adjudication hearing, and
if so, whether Michael Morrow discussed with him his plea options and the possibility of presenting
evidence in mitigation of punishment. 
            The trial court shall make findings as to whether Applicant was denied the effective
assistance of counsel at the adjudication hearing because of a last-minute substitution of counsel, and 
if so, whether Applicant was prejudiced. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim
for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: September 8, 2010
Do not publish